**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5140-17T4

WILFREDO CORTES,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted October 21, 2019 – Decided December 13, 2019

Before Judges Sumners and Geiger.

On appeal from the New Jersey Department of Corrections.

Wilfredo Cortes, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Francis A. Raso, Deputy Attorney General, on the brief).

PER CURIAM

Wilfredo Cortes, an inmate under the care and custody of the New Jersey Department of Corrections (DOC), appeals from the agency's final determination, which upheld a finding of guilt and the sanctions imposed against him for committing prohibited act .552A, being intoxicated while assigned to a residential community program at Hope Hall, in violation of N.J.A.C. 10A:4-4.1(a)(3)(xiv). On appeal, Cortes raises the single-point argument:

> AGENCY DECISION TO UPHOLD A GUILTY FINDING WAS NOT SUPPORTED BY ANY EVIDENCE ON RECORD IN VIOLATION OF NEW JERSEY RULES OF EVIDENCE 401.

Finding the agency's decision was supported by sufficient credible evidence, we affirm. See R. 2:11-3(e)(1)(D).

On February 17, 2018, Cortes was a resident at Hope Hall, when at approximately 2:00 p.m., Substance Abuse Counselor Kimberly Iwu and Treatment Specialist Katie Gates observed him with red eyes, a flushed face, and mumbling to himself as he was stumbling out of the bathroom. Believing he was under the influence of some unknown substance; they reported their observations to Senior Program Manager Terri Bradley. According to Bradley, she went to Cortes's room, whereupon she confirmed Iwu and Gates's observations, and further detected that Cortes eyes were "glassy" and he appeared "disoriented." After asking Cortes if he was okay, to which he replied

"mm-hmm" without moving, she repeated her inquiry and he failed to respond. Consequently, Cortes was transferred to Garden State Youth Correctional Facility where he gave a urine sample that proved to be negative for contraband.

Despite the negative urine screening, Cortes was served with a charge of violating .552A.[1] After he pled not guilty, the matter was referred to a disciplinary hearing officer (DHO) for adjudication.

At the disciplinary hearing, Cortes denied he was intoxicated and contended his condition at Hope Hall was because he had just woken up. Cortes did not produce any witnesses and chose not to confront the witnesses against him. Among the documents the DHO considered were: (1) the written statements by Iwu, Gates, and Bradley; (2) a Hope Hall incident summary; and (3) the negative urine sample. The DHO found Cortes guilty, reasoning he was under the influence based upon the residential staff's statements and the intoxicating substance was likely non-detectable in the urine screen. Cortes was sanctioned to ninety days of administrative segregation and sixty days loss of commutation time. The prison administrator denied Cortes's administrative

---

[1] Cortes was initially charged with prohibited acts .204, the use of any prohibited substances, N.J.A.C. 10A:4-4.1(a)(2)(xvi), and .257, violating a condition of a community release program, N.J.A.C. 10A:4-4.1(a)(5)(iv). (Ra33). It is unclear why the charges were amended to .552A.

appeal, explaining the charge had merit, there was compliance with all disciplinary procedural safeguards, and there was no misinterpretation of the facts. This appeal followed.

We disagree with Cortes's claim that the final agency decision was unsupported by substantial credible evidence in the record. An incarcerated inmate facing a disciplinary proceeding is not entitled to the same spectrum of rights afforded to a defendant in a criminal prosecution. Avant v. Clifford, 67 N.J. 496, 522 (1975). Yet, "[a] finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). In other words, it is "evidence furnishing a reasonable basis for the agency's action." Ibid. (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)). "Where there is substantial evidence in the record to support more than one regulatory conclusion, 'it is the agency's choice which governs.'" In re Vineland Chem. Co., 243 N.J. Super. 285, 307 (App. Div. 1990) (quoting De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 491 (App. Div. 1985)).

Despite the negative urine sample, the DHO found that Cortes was under the influence at Hope Hall based on uncontroverted statements by three residential staff members. The DHO found the statements credible and reasoned that the substance influencing Cortes's incoherent behavior and appearance was not detectable in the urine screening. Even considering the higher standard of proof – beyond a reasonable doubt – required in a quasi-criminal setting, competent lay testimony of observation is sufficient here to prove intoxication by substantial evidence without field sobriety tests or Alcotest results. See State v. Bealor, 187 N.J. 574, 588 (2006) (holding "driving while under the influence of alcohol will be sustained on proofs of the fact of intoxication–a defendant's demeanor and physical appearance–coupled with proofs as to the cause of intoxication–i.e., . . . a lay opinion of alcohol intoxication."). In addition, there were no witnesses to support his defense that his appearance and conduct were attributable to him being sleepy at approximately 2:00 p.m.

Based on the record, we conclude the DOC's findings were supported by substantial credible evidence, and to the extent we have not specifically addressed arguments raised by Cortes, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5140-17T4